UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
    **Plaintiff**
v.

**PHILLIP COLLEY**
    **Defendant**

Case Number 4:03cr3085

USM Number 18205-047

Robert B. Creager

Defendant's Attorney

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count I of the Indictment on 9/12/05.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 18:371 - CONSPIRACY TO DEFRAUD THE UNITED STATES | February 1, 2003 | I |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) II through XVII of the Indictment are dismissed on the motion of the United States .

Following the imposition of sentence, the Court advised the defendant of his right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
December 9, 2005

s/ Richard G. Kopf
United States District Judge

December 13, 2005

Defendant: PHILLIP COLLEY  Page 2 of 7
Case Number: 4:03cr3085

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **22 months and 12 days**.

The Court makes the following recommendations to the Bureau of Prisons:

1. That the Defendant shall be given credit for time served in this case beginning 2/10/05.

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: PHILLIP COLLEY  Page 3 of 7
Case Number: 4:03cr3085

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.  Supervised release shall run concurrent with Case No. 4:03CR3086.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

Defendant: PHILLIP COLLEY                                                                                          Page 4 of 7
Case Number: 4:03cr3085

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.


### SPECIAL CONDITIONS OF SUPERVISION


1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

2. The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the probation officer to determine the presence of controlled substances, firearms or any other contraband.  Any such items found may be seized by the probation officer.  This condition may be invoked with or without the cooperation of law enforcement officers.

3. The defendant shall participate in a victim awareness program as directed by the probation officer. Based on the defendant's ability to pay, the defendant shall pay for the costs of the program in an amount determined by the probation officer.

4. The defendant shall provide the probation officer with access to any requested financial information.

5. The requirement of 18 U.S.C. § 3583 (d) regarding drug testing within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter, is suspended until further order of the Court because the Presentence Investigation Report on the defendant and other reliable sentencing information indicates a low risk of future substance abuse by the defendant.

6. The defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, Nebraska, (402) 437-5223, within seventy-two (72) hours of release from confinement and, thereafter, as directed by the probation officer.

Defendant: PHILLIP COLLEY  
Case Number: 4:03cr3085

Page 5 of 7

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | | $250,000.00 |

## FINE

No fine imposed.

## RESTITUTION

The defendant shall pay restitution in the amount of $97,398.68, jointly and severally, with codefendants Blanket Corporation and Vernon Strauch in relation to Count I of the indictment and $152,601.32, jointly and severally, with codefendants Blanket Corporation, Vernon Strauch, and Sherrie Busselman. Restitution shall be paid to the Clerk of the U.S. District Court, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102-1322, or Clerk of the U. S. District Court, 593 Federal Building, 100 Centennial Mall North, Lincoln, NE 68501-3468. The defendant shall be responsible for providing proof of payment to the probation officer as directed. Restitution shall be disbursed as follows:

If the defendant makes a partial payment, each individual victim shall receive an approximately proportional payment determined by ascertaining the percentage of each individual victim's loss as compared to $97,398.68. After payment of the first $97, 398.69 has been made, if the defendant makes a partial payment, each institutional victim that is not the United States shall receive an approximately proportional payment (determined by excluding consideration of the loss suffered by the United States) until such time as such victims are paid in full. See 18 U.S.C. § 3664(I) ("all other victims [shall] receive full restitution before the United States receives any restitution.") The United States shall not be paid any restitution until all other victims have been paid.

Individual Victims

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| David Bishop | $6,653.01 | $6,653.01 |
| Annette Bowie | $14,485.50 | $14,485.50 |
| Donald Brehm | $1,888.50 | $1,888.50 |
| Roger Brownlee | $8,423.63 | $8,423.63 |
| Paul S. Burke | $327.00 | $327.00 |
| Antoine Burgin | $405.60 | $405.60 |
| Linda Buss | $3,405.47 | $3,405.47 |
| Rooselvelt Chapman | $462.27 | $462.27 |
| Tracy Coblentz | $5,873.59 | $5,873.59 |
| Larry Conover | $928.00 | $928.00 |

Defendant: PHILLIP COLLEY  Page 6 of 7
Case Number: 4:03cr3085

| | | |
|---|---:|---:|
| Lori Gotschall | $3,690.20 | $3,690.20 |
| Cheri Hamilton | $4,179.29 | $4,179.29 |
| Fred Hollinger (Deceased) | $3,337.95 | $3,337.95 |
| Joseph Holm | $145.00 | $145.00 |
| Chris Jacobsen | $4,545.45 | $4,545.45 |
| Duane Janssen | $2,235.00 | $2,235.00 |
| Rick Kometscher | $2,648.75 | $2,648.75 |
| Carol Lohmeier | $997.91 | $997.91 |
| Billy Meza, Sr. | $3,590.37 | $3,590.37 |
| Tonya Miller | $6,360.35 | $6,360.35 |
| JoAnn Minnig | $743.87 | $743.87 |
| Alan Nissen | $378.50 | $378.50 |
| Alejandro Pena | $1,676.97 | $1,676.97 |
| Larry Penton | $1,052.10 | $1,052.10 |
| Steve Rainey | $221.00 | $221.00 |
| Carol Schmidt | $6,188.75 | $6,188.75 |
| Steve Sheffield | $3,103.50 | $3,103.50 |
| Jason Shield | $1,235.50 | $1,235.50 |
| Rose Shirkey | $641.50 | $641.50 |
| Jamie Sprinkle | $4,885.70 | $4,885.70 |
| John Volk | $2,688.45 | $2,688.45 |
| **Totals** | $97,398.68 | $97,398.68 |

Restitution in relation to Health Care Fraud (Count XI):

| | | |
|---|---:|---:|
| Medicare | $60,277.52 | $60,277.52 |
| Medicaid | $37,173.71 | $37,173.71 |
| Medicaid (State of Nebraska) | $24,782.45 | $24,782.45 |
| Options | $18,220.59 | $18,220.59 |
| Options (State of Nebraska) | $12,147.05 | $12,147.05 |
| **Total** | $152,601.32 | $152,601.32 |
| **TOTAL** | **$250,000.00** | **$250,000.00** |

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: PHILLIP COLLEY                                                                                                           Page 7 of 7
Case Number: 4:03cr3085

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the court orders that payment of the total criminal monetary penalties shall be due as follows:

The defendant shall pay the special assessment in the amount of $100.00. The defendant shall pay restitution in the amount of $97,398.68, jointly and severally, with codefendants Blanket Corporation and Vernon Strauch in relation to Count I of the indictment and $152,601.32, jointly and severally, with codefendants Blanket Corporation, Vernon Strauch, and Sherrie Busselman.

**Special instructions regarding the payment of criminal monetary penalties**:
Following release from incarceration and while on supervised release, the defendant shall make payments to satisfy the criminal monetary penalty in monthly installments of $100 or 6% of his gross income, whichever is greater. The first payment shall commence 30 days following the defendant's discharge from incarceration on supervised release, and continue until the criminal monetary penalty is paid in full. The defendant shall be responsible for providing proof of payment to the probation officer as directed.

Notwithstanding the provision for partial payments provided above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties (including restitution) shall be due and payable and collected from the inmate's earnings during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, P.O. Box 83468, Lincoln, NE 68501.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court. In the event a defendant is able to make a full or substantial payment toward the remaining criminal monetary penalty, he or she shall do so immediately.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

_____
CLERK'S OFFICE USE ONLY:
ECF DOCUMENT
I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk